IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FRANK E. VOTH, | Case No. 6:14-cv-00128-KI |
|         Plaintiff, | ORDER |
|   v. | |
| JEFF PREMO, et al., | |
|         Defendants. | |

KING, Judge

    Plaintiff, an inmate at the Oregon State Penitentiary (OSP), brings this civil rights action *pro se*. Currently before the court is plaintiff's complaint and motions for temporary restraining order. For the reasons set forth below, plaintiff's complaint is dismissed in part, and plaintiff's motions for a temporary restraining order are denied.

### ORDER TO DISMISS IN PART

**I.   Background**.

    Plaintiff brings this action against five individual correctional officers, the State of Oregon, and eight John/Jane Does. Plaintiff sets forth six claims for relief alleging the

1 - ORDER

violation of his constitutional rights to due process, freedom of religion, to be free from cruel and unusual punishment, and to equal protection of the law. Additionally, plaintiff alleges that his statutory rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), American with Disabilities Act (ADA), and the Rehabilitation Act were violated. Plaintiff seeks mandatory injunctive relief to require Superintendent Premo to immediately transfer plaintiff to Voluntary Administrative Segregation at Two Rivers Correctional Institution (TRCI) to "prevent other prisoners from extorting plaintiff, and forcing plaintiff to be sexually abused at OSP and forced to pay other inmates payments to be in general population at (OSP)."

## II.   Standards.

This court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In order to state a claim, plaintiff's complaint must contain sufficient factual matter which, when accepted as true, give rise to a plausible inference that defendants violated plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-57

2 - ORDER

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Because plaintiff is proceeding *pro se*, I construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**III. Discussion**.

    **A.    Claim One**.

Plaintiff alleges that defendants Premo, Stephenson and Martian violated his right to due process by designating him for "STM" (Security Threat Management), and giving him "Red Tag Status" without prior notice or hearing. Complaint ¶¶ 47, 50, 53 & 86. Plaintiff alleges that as a result of these designations, he was deprived of "privileges," "personal property," and restrictions were placed upon his showers, recreation, out-of-cell time, and use of recreational equipment. Id. at ¶¶ 48 & 50-51.[1]

---

[1] See O.A.R. 291-069-0220. Pursuant to O.A.R. 291-069-0270(3), an inmate under the management of the STM Unit may have inmate programs, services, and activities suspended, including recreation yard, housing assignments, work assignments, canteen use, telephone use (except legal class), visiting (except attorney visits), inmate-to-inmate mail, and television services." "An inmate who has been identified by the department as a 'high alert' management inmate may obtain an administrative review of the classification action." O.A.R. 291-069-0280(1).

3 - ORDER

Because plaintiff fails to allege any facts to support a reasonable inference that, as a result of defendants' actions, he was subjected to atypical and significant hardship in relation to the ordinary incidents of prison life, or that the designation will invariably affect the duration of his sentence, plaintiff fails to state a due process claim. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995) (setting forth due process requirements); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (raised classification score does not implicate a state-created liberty interest).

**B.   Claim Two.**

In claim two, plaintiff alleges that "defendants, one and all" have forced him to use the toilet and shower in front of female correctional officials in violation of his First Amendment right to freedom of religion, the RLUIPA, and the Oregon Constitution. Complaint at ¶¶ 44, 57-62 & 88.  Because plaintiff fails to allege how any of the defendants were personally involved in the alleged violation, with the arguable exception of defendant Premo, the claim is dismissed as to all defendants except Superintendent Premo.    Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(liability under § 1983 arises only upon a showing of personal participation by the defendant in the alleged constitutional deprivation); McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint which vaguely referred to

"defendants" or "other responsible authorities" and failed to link factual allegations to specific defendants).

**C.   Claim Three**

Plaintiff alleges that "defendants, one and all" have subjected him to cruel and unusual punishment by incarcerating him in a 24 *or* 50 square foot cell[2] with another inmate, and housing him on the 3rd tier of the prison (which requires him to climb stairs despite his "documented serious physical disability"). Id. at ¶¶ 15-19, 31, 38, 42 & 90.

Absent factual allegations supporting a reasonable inference that the size of plaintiff's cell resulted in the deprivation of the minimal civilized measure of life's necessities, plaintiff fails to state a claim. Rhodes v. Chapman, 452 U.S. 337, 346-49 & n. 13 (1981)(double celling in 63 square foot cell is not *per se* violative of Eighth Amendment); Keenan v. Hall, 83 F.3d 1083, 1091-92 (9th Cir. 1996) (rejecting claim that 54 square foot cell violates Eighth Amendment). In this regard, the court notes that plaintiff has made no assertion that the size of his cell is

---

[2] In paragraph 90 of the complaint, plaintiff alleges that he is confined in a cell that measures four feet by six feet. In paragraph 42, however, plaintiff alleges that the cell is approximately ten feet by five feet.

5 - ORDER

proximately related to any alleged conduct of his cell mate. See Complaint at ¶¶ 63-65.[3]

As to plaintiff's allegation that he was denied a transfer to a "single level facility" and forced to climb stairs despite knee and leg pain, plaintiff fails to state a claim as to all defendants, except defendants Premo, Long, and Coffy, due to plaintiff's failure to allege how they were personally involved in the alleged violation. Additionally, the claim is dismissed as to defendant Coffy because plaintiff's only allegations are that Coffy stated she would schedule plaintiff to see a provider, and would provide plaintiff court-ordered shoes and socks. Id. at ¶¶ 20-21. These allegations fail to support a reasonable inference that she acted with deliberate indifference. See Johnson v. Lewis, 217 F.3d 726, 733 (9th Cir. 2000). Accordingly, this claim shall proceed, as to plaintiff's allegation that he was denied a transfer to a "single level facility," against defendants Premo and Long only.

**D.   Claim Four.**

In claim four, plaintiff alleges that "defendants, one and all, violated plaintiff's rights under the ADA and Rehabilitation Act. Complaint at ¶ 92. As to all defendants except Premo and Long, this claim is dismissed on the basis that there are no

---

[3] Additionally, the court notes that in paragraph 65, plaintiff makes reference to "the prisoners mentioned in paragraphs 81 and 82." There are no paragraphs 81 and 82 in plaintiff's complaint. See Complaint at p. 7.

6 - ORDER

allegations to support a reasonable inference that they violated plaintiff's statutory rights.

As to defendants Premo and Long, plaintiff alleges that they assigned him to an upper bunk contrary to a physician's order. Id. at ¶ 29. Plaintiff alleges that he advised Premo *and* Long "that his legs are buckling from under him [from] being forced to climb up and down stairs." Id. at ¶ 17. Finally, plaintiff alleges that he informed defendant *Premo* that he cannot access OSP services due to his inability to climb stairs. Id. at ¶¶ 17, 29 & 30. Plaintiff concludes that he has been denied access to facilities available to other prisoners in violation of the ADA and the Rehabilitation Act.

To the extent that plaintiff complains he was not provided a lower bunk, the claim is dismissed as to both Premo and Long because plaintiff alleges, at best, the failure to provide appropriate *care* for his mobility issue, not the discriminatory denial of *access* to services, programs, or activities. See Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010) ("ADA prohibits discrimination because of disability, not inadequate treatment for disability"); Walton v. U.S. Marshals Serv., 492 F.3d 998, 1005 (9th Cir. 2007) (to state claim under the Rehabilitation Act, plaintiff must allege discrimination because of disability). As to plaintiff's allegation that he has been denied access to prison services, programs, or activities due to his inability to

7 - ORDER

climb stairs, this claim shall proceed against defendant Premo only, in his official capacity, and is limited to plaintiff's allegation that Premo denied plaintiff access to group living, health services, religious services, education, and the law library on the basis of his handicap. This claim shall not proceed against defendant Long due to plaintiff's failure to allege any facts to support a reasonable inference that defendant Long knew of plaintiff's exclusion from prison services, programs or activities, and engaged in discriminatory conduct intended to deprive plaintiff of that access based upon his disability. See Simmons, 609 F.3d at 1022; Dunsmore v. Cash, 2013 WL 6492449 (9th Cir. Dec. 11, 2013).

### E.  Claim Five.

Plaintiff alleges that "defendants, one and all, are being deliberately indifferen[t] to plaintiff's serious medical needs" by subjecting him to contaminated water and air. Complaint at ¶¶ 32-39, 43 & 94. This claim shall proceed against defendants Premo and Coffy only due to plaintiff's failure to allege how any of the remaining defendants were personally involved in the alleged violation.

### F.  Claim Six.

Plaintiff alleges that "defendants, one and all" conspired to retaliate against plaintiff by transferring him to OSP in order to interfere with his library access in violation of his First, Eighth, and Fourteenth Amendment rights. Id. at ¶ 96.

8 - ORDER

Additionally, plaintiff alleges that he is only allowed access to the law library, word processor, and legal materials eight hours per week. Id. at ¶ 41.

To the extent that this is a denial of access to the courts claim, it is dismissed due to plaintiff's failure to allege that he suffered actual prejudice. Lewis v. Casey, 518 U.S. 343, 351, 354 (1996). Plaintiff alleges no facts to support an Eighth Amendment claim (distinct from Claim Three), an equal protection claim, or a retaliation claim against any of the *named* defendants. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (to state an equal protection claim, plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon his membership in a protected class); Silva v. Di Vittorio, 658 F.3d 1090, 1104-05 (9th Cir. 2011) (retaliation claim must be premised upon allegations that defendants' conduct was prompted by plaintiff's exercise of a constitutional right).[4]

**G.   State of Oregon/John and Jane Does.**

Plaintiff alleges that "Defendant State of Oregon is sued under the Oregon Tort Claims Act for its agenets [sic], officers and employees torts in this action." Complaint at ¶ 12. The State of Oregon is dismissed as a defendant on the basis that (1) no

---

[4] In paragraph 40 of the Complaint, plaintiff alleges that Hatfield and Taylor retaliated against him by transferring him to OSP. Neither of those individuals are defendants and plaintiff alleges no facts to support the claim.

9 - ORDER

torts are alleged in plaintiff's complaint; (2) the state would be immune from any such tort action; and (3) the state is not identified as a defendant in any other claim for relief. <u>Knight v. Portland State University</u>, 2013 WL 4828857 *2 (D.Or. Sept. 6, 2013)(Oregon Tort Claims Act does not waive sovereign immunity in federal court); <u>Stull v. Maurry</u>, 2014 WL 183899 (D.Or. Jan. 14, 2014) (same).

Defendant John and Jane Does are dismissed on the basis that there are no allegations in the complaint pertaining to any doe defendant.

## MOTION FOR TRO

Plaintiff moves for a temporary restraining order compelling defendant Premo to "immedaiately [sic] transfer plaintiff to Voluntary Administrative Segregation AT (TRCI) to prevent other prisoners from extorting plaintiff, and forcing plaintiff to be sexually abused at OSP and forced to pay other inmates payments to be in general population at (OSP)."

Plaintiff's motions (#3 & #4) are denied because (1) the requested injunctive relief is not related to any of the claims for relief which survive screening and, therefore, plaintiff has failed to demonstrate a likelihood of success, or that there are serious questions going to the merits; (2) plaintiff seeks a mandatory injunction which is disfavored; and (3) plaintiff has failed to make the requisite showing under Fed. R. Civ. P. 65(b)(1).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's complaint is dismissed in part as follows: (a) all defendants except Premo, Long, and Coffy, are DISMISSED; (b) claims one and six are dismissed in their entirety; (c) claim two shall proceed against defendant Premo only; (d) claim three shall proceed against defendants Premo and Long only, and is limited to plaintiff's allegation that he was denied a transfer to a single level facility; (e) claim four shall proceed against defendant Premo only, and is limited to plaintiff's allegation that he was denied access to services, programs, or activities due to his inability to climb stairs; and (f) claim five shall proceed against defendants Premo and Coffy only.

Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is cautioned that any amended complaint must comply with Fed. R. Civ. P. 8(a) (short and plain statement of claims). Failure to file an amended complaint shall result in the dismissal of the foregoing claims and defendants outlined above, with prejudice.

IT IS FURTHER ORDERED that plaintiff's motions for a temporary restraining order (#3 & #4), and requests for a special master and for the appointment of counsel are DENIED.

The Clerk of the Court is DIRECTED to send a waiver of service packet to Assistant Attorney General Shannon M. Vincent, together with a copy of this order. If defendants Premo, Long or Coffy refuse to waive service, plaintiff shall be notified and provided the necessary forms for service by the U.S. Marshal's Service.

IT IS SO ORDERED.

DATED this ___31st___ day of January, 2014.

                                                /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge