UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**FRANK E. VOTH**,                                      Case No. 6:14-cv-00128-KI

                    Plaintiff,                          ORDER

        v.

**JEFF PREMO; MS. COFFY; CAPTAIN
LONG; JANET BIRDY WORLEY;
JANE/JOHN DOE**,

                    Defendants.


        Frank E. Voth
        777 Stanton Blvd.
        Ontario, OR 97214

                Pro se Plaintiff

        Ellen F. Rosenblum
        Attorney General


Page 1 - ORDER

Jake J. Hogue
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

Attorneys for Defendants

KING, Judge:

I.      Plaintiff's Requests for Injunctive Relief

After filing a Motion for Temporary Restraining Order [3], Emergency Motion for

Injunctive Relief [4], Ex Parte Emergency Motion for Injunction and Extension of Time [14],

Motion for Preliminary Injunction [17], and a Motion for Order to Show Cause [29] all seeking

reassignment from Oregon State Penitentiary ("OSP"), and all of which this Court denied,

plaintiff was then transferred from OSP to Snake River Correctional Institution ("SRCI").  He

now files a Motion for Reconsideration of Motion for Order to Show Cause [43], Motion for

Temporary Restraining Order [44], and Motion for Preliminary Injunction [45] seeking

reassignment from SRCI to Multnomah County Detention Center.

The Court denies the requested injunctive relief because it is unrelated to any of the

claims for relief in plaintiff's Amended Complaint and, therefore, plaintiff cannot demonstrate a

likelihood of success on the merits.  Winter v. Natural Resources Def. Council, Inc., 555 U.S. 7,

20 (2008) (must show likely to succeed on the merits, likely to suffer irreparable harm, balance

of equities tips in his favor, and injunction in public interest).  Additionally, plaintiff seeks a

mandatory injunction, which is disfavored and is granted only in extraordinary circumstances,

which do not exist here.  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d

Page 2 - ORDER

873, 879 (9th Cir. 2009).  Finally, without addressing his allegations regarding the conditions of

confinement, I note plaintiff's concern that he will be injured by corrections officer at SRCI,

based on allegations he made in a previous lawsuit during a previous incarceration at SRCI, are

speculative.  "Speculative injury does not constitute irreparable injury sufficient to warrant

granting a preliminary injunction."  See City of L.A. v. Lyons, 461 U.S. 95, 111 (1983) (plaintiff

must show real and immediate threat of injury, and past exposure to illegal conduct does not in

itself show a present case or controversy regarding injunctive relief when unaccompanied by any

continuing, present, adverse effects).

      If plaintiff believes he is entitled to amend his complaint, he must first seek permission

from this Court by filing a Motion for Leave to File a Second Amended Complaint explaining

the changes he proposes.  He must also attach a copy of the proposed Second Amended

Complaint to his motion as an exhibit to the motion.  Local Rule 15-1(c), (d).

II.      Defendants' Motion for Summary Judgment

      Defendants seek judgment dismissing this case on the basis that plaintiff has failed to

exhaust his administrative remedies as to any of the claims he alleges in his Amended Complaint.

      Plaintiff's response to defendants' summary judgment [46] is largely unresponsive.

Plaintiff does not provide evidence to address the specific argument made by defendants:  that

plaintiff failed to exhaust his claims through the prescribed grievance process.  The central

question is whether plaintiff's complaint is subject to dismissal for failure to exhaust remedies

when OAR 291-109-0140(3)(h) precludes an inmate from grieving a claim or issue for which the

inmate has filed a Notice of Tort with the Oregon Department of Administrative Services, Risk

Management Division.  See White v. Hall, 384 F. App'x 560, 561 (9th Cir. 2010).

First, plaintiff's reliance on any of the proceedings in Voth v. Coursey, 6:12-cv-1156-AA, is misplaced.  Judge Aiken dismissed plaintiff's case with prejudice after construing his obstructionist actions as a request to voluntarily dismiss his case.  Notably, she specifically stated that she had declined to rule on defendants' possibly meritorious failure to exhaust argument in order to afford plaintiff the opportunity to litigate his Eighth Amendment claim on the merits. See Voth v. Coursey, 6:12-cv-1156-AA, Order, at 4 [139].

Second, plaintiff contends he alleged in his Amended Complaint that he filed a Notice of Tort Claim.  The allegation in his Amended Complaint, however, is that he did not file a grievance concerning the facts in the complaint because an Oregon administrative regulation "prohibits plaintiff from filing a grievance when a Notice of Tort Claim is filed[.]"  Am. Compl. 2.  After closely reading the Amended Complaint, I see no allegation that plaintiff submitted a Notice of Tort Claim covering the claims he now alleges in his Amended Complaint.  In his Response to Motion to Dismiss [42], plaintiff vaguely states that he did not "circumvent the grievance procedure prior to filing Voth v. Coursey or this civil action.  Grievances were filed and returned to plaintiff!"  Resp. 1.

In order to properly resolve defendants' Motion for Summary Judgment, plaintiff is directed to file a Declaration (and documentation, if he has it) by May 19, 2014 with the following information:  (1) the date he mailed a Tort Claim Notice(s); (2) the claims alleged in each Tort Claim Notice, including the time, place and circumstances identified in the Notice; and (3) the name of the person or entity against whom plaintiff asserted a claim.  In addition, if plaintiff disputes defendants' representation that he filed only two grievances during the relevant period (represented by defendants to be July 5, 2013 to March 18, 2014), he must identify (1) the

Page 4 - ORDER

dates on which he filed additional grievances; (2) the issues he grieved; and (3) the grievance coordinator's response.

Defendants' reply will be due June 9, 2014 and the Court will take defendants' motion under advisement at that time.  If plaintiff fails to file a Declaration by May 19, 2014, the Court will take defendants' motion under advisement on that date.

Defendants' Motion to Stay Discovery [37] is granted until the defendants' motion for summary judgment is resolved.

## CONCLUSION

Plaintiff's Motion for Reconsideration of Motion for Order to Show Cause [43], Motion for Temporary Restraining Order [44], and Motion for Preliminary Injunction [45] are DENIED. Defendants' Motion to Stay Discovery [37] is GRANTED.  Plaintiff is directed to comply with the Court's briefing schedule as to defendants' Motion for Summary Judgment [35] as set out in this Order.

IT IS SO ORDERED.

DATED this ____5th____ day of May, 2014.


           /s/ Garr M. King
           Garr M. King
           United States District Judge