UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**FRANK E. VOTH**,

        Plaintiff,

    v.

**JEFF PREMO; MS. COFFY; CAPTAIN LONG; JANET BIRDY WORLEY; JANE/JOHN DOE**,

        Defendants.

Case No. 6:14-CV-00128-KI

OPINION AND ORDER

    Frank E. Voth
    777 Stanton Blvd.
    Ontario, OR 97214

        Pro se Plaintiff


    Ellen F. Rosenblum
    Attorney General

Page 1 - OPINION AND ORDER

Jake J. Hogue
Assistant Attorney General
Shannon M. Vincent
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Defendants

KING, Judge:

Plaintiff is currently an inmate incarcerated at Snake River Correctional Institution ("SRCI"), but he was incarcerated at the Oregon State Penitentiary ("OSP") during the events alleged in his Amended Complaint. The following motions are pending before me: defendants' Motion for Summary Judgment [35], plaintiff's Motion for Leave to File Amended Complaint/Petition [54], plaintiff's Motion for Preliminary Injunction [57], and plaintiff's Emergency Motion for Injunctive Relief [58]. For the following reasons, I grant defendants' Motion for Summary Judgment and I deny all of plaintiff's motions.

## BACKGROUND

In his operative pleading–the Amended Complaint filed on March 18, 2014–plaintiff alleges Superintendent Jeff Premo, Dennis Long, Carrie Coffey, and Janet (Birdie) Worley, all employees at OSP, violated various constitutional and statutory rights. He contends, for example, that Superintendent Premo was deliberately indifferent to his medical needs, has subjected him to contaminated water and air, has violated his religious rights by requiring him to shower and use the toilet in front of female correctional officers, and has failed to protect him from assaults. The earliest event plaintiff complains about occurred on July 5, 2013.

# DISCUSSION

I.    <u>Defendants' Motion for Summary Judgment</u>

Defendants seek judgment dismissing this case on the basis that plaintiff failed to exhaust his administrative remedies as to any of the claims he alleges in his Amended Complaint.

A.    <u>Legal Standards</u>

The Prison Litigation Reform Act ("PLRA") states: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, "[t]he [PLRA] requires that a prisoner exhaust available administrative remedies *before* bringing a federal action concerning prison conditions." <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1119 (9th Cir. 2009) (emphasis added). The PLRA exhaustion requirement demands "proper exhaustion," which means compliance with all deadlines and "other critical procedural rules." <u>Woodford v. Ngo</u>, 548 U.S. 81, 90, 93 (2006).

It is the defendants' burden "to prove there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." <u>Albino v. Baca</u>, 747 F.3d 1162, 1172 (9th Cir. 2014). The burden of production then shifts to the prisoner to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." <u>Id.</u> The "ultimate burden of proof remains with the defendant[s]." <u>Id.</u> The court must view all material facts in the light most favorable to the non-moving party. <u>Id.</u> at 1173. "If undisputed evidence viewed in the

light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166.

  B.  <u>Whether Plaintiff's Failure to Exhaust Administrative Remedies is Excused</u>

ODOC Grievance Coordinator at OSP, Brent Eriksen, located only two grievances submitted by plaintiff during the relevant time period. Neither of those grievances relates to the events or claims alleged by plaintiff in his operative pleading. Further, plaintiff did not appeal any of the responses to his grievances.

The central question raised by plaintiff is whether any administrative remedies were "unavailable" to him. Specifically, OAR 291-109-0140(3)(h) precludes an inmate from grieving a claim or issue for which the inmate has filed a Notice of Tort with the Oregon Department of Administrative Services, Risk Management Division. Because plaintiff's response [46] to defendants' summary judgment was largely unresponsive, I permitted him to file a supplemental response. I specifically instructed him to provide evidence of any tort claims notice he had submitted and any grievances he had filed so I could assess the availability of administrative remedies.

Plaintiff now provides three grievance forms he submitted after he initiated this litigation. Ex. 10 (4/4/2014); Ex. 11 (5/1/2014); Ex. 12 (5/6/2014). However, "a prisoner does not comply with the exhaustion requirement by exhausting available remedies during the course of the litigation." Akhtar v. Mesa, 698 F.3d 1202, 1210 (9th Cir. 2012). Even if a plaintiff files an amended complaint, adding new claims arising after the initial complaint, the plaintiff must show the new claims were exhausted before he filed the amended complaint. Id.

The only grievance plaintiff offers which he submitted prior to the litigation, dated August 7, 2013, does not directly relate to the claims he alleges in his Amended Complaint. In any event, to the extent the grievance reflects plaintiff's general concern about his safety at OSP, the grievance was either resolved or plaintiff failed to grieve the resolution. Specifically, plaintiff represents that the Grievance Coordinator at OSP did not process his grievance in the normal fashion; rather, plaintiff was interviewed by "someone from the Inspector General's Office . . . who determined the matter was resolved because plaintiff had been moved[.]" Pl.'s Notice to the Court 2 [51]. Plaintiff does not indicate that he attempted to further grieve this resolution. See OAR 291-109-0150(2) (grievance due within 30 days of the incident); OAR 291-109-0170 (describing levels of appeal). Importantly, for purposes of the argument he makes regarding the unavailability of administrative remedies due to his filing of a tort claims notice, plaintiff offers no evidence his grievance was rejected for that reason. Additionally, there is no binding, published precedent in the Ninth Circuit supporting the proposition he makes. See White v. Hall, 384 F. App'x 560, 561 (9th Cir. 2010) (unpublished) (appeals process was unavailable to inmate when he was informed he could not appeal due to his pending tort claim).

In sum, viewing the facts in the light most favorable to the non-moving party, plaintiff failed to exhaust his available administrative remedies and defendants are entitled to summary judgment.

II.     Plaintiff's Motion to Amend his Complaint

Plaintiff moves to amend his complaint a second time to add what appears to be claims related to plaintiff's transfer from OSP to SRCI.

Federal Rule of Civil Procedure 15(a) provides, in part, as follows:

Page 5 - OPINION AND ORDER

> [A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

Whether to grant or deny a motion to amend pleadings is a matter of the court's discretion. Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir. 1986). There is a strong policy favoring amendment. Id. Courts frequently consider five factors when assessing the propriety of a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opponent; (4) futility of the amendment; and (5) whether the pleadings have previously been amended. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). While Rule 15(a) should be interpreted with "extreme liberality," leave to amend is not to be granted automatically. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)). Although no single factor is dispositive, prejudice to the opposing party is the most important factor. Id.

I deny plaintiff's motion to amend his complaint on grounds that he has amended once already, that the new claims relate to actions taken by other individuals at a different prison, and that plaintiff has not exhausted his administrative remedies. On this last point, I note plaintiff alleges he exhausted "pursuant to OAR 291-109-0160(4)(5). Plaintiff filed a Notice of Tort Claim on March 14, 2014, and on May 1, 2014." Proposed Second Am. Compl. ¶ 2.

The regulation plaintiff cites, OAR 291-109-0160(4), provides:

> If at anytime the grievance coordinator determines the inmate has pursued his/her issue through state or federal courts, or has filed a notice of tort claim, the grievance process will cease and the grievance will be returned to the inmate. The

Page 6 - OPINION AND ORDER

grievance coordinator will retain a copy of the inmate's grievance and document the date and reason for return of the grievance.

From plaintiff's citation to this regulation, I conclude plaintiff believes he can render the grievance process "unavailable" to him by purposefully filing a notice of tort claim. Plaintiff is wrong. As an initial matter, compliance with the Oregon Tort Claims Act is not a prerequisite to bringing a federal claim against a state public agency or employee of a state public agency in federal court, so his filing of a tort claim in this circumstance is suspect. Further, plaintiff makes no showing that he even attempted to take advantage of administrative remedies prior to asking to add claims to this case. Accordingly, because plaintiff is unable to show he properly attempted to grieve and appeal the newly proposed claims, his proposed amendments would be futile.[1]

III.     Plaintiff's Requests for Injunctive Relief

I have previously denied multiple requests for injunctive relief. Plaintiff has again sought injunctive relief, seeking a remedy for acts perpetrated by individuals not named and claims not alleged in his operative pleading. As a result, even if I did not dismiss plaintiff's lawsuit for his failure to exhaust administrative remedies, I would deny his requests for injunctive relief because he cannot demonstrate a likelihood of success on the merits. Winter v. Natural Resources Def. Council, Inc., 555 U.S. 7, 20 (2008) (must show likely to succeed on the merits, likely to suffer irreparable harm, balance of equities tips in his favor, and injunction in public interest).

---

[1]Even is I treated plaintiff's request as a motion to file a supplemental complaint under Federal Rule of Civil Procedure 15(d), which applies where the alleged claims arise after the initial complaint was filed, my decision would be the same. Barrett v. Williams, No. 6:11-cv-06358, 2013 WL 6055247, at *2, n.2 (D. Or. Nov. 14, 2013) (citing cases for proposition that Rule 15(a) factors may apply in evaluating Rule 15(d) motion).

Additionally, defendants have submitted multiple declarations directly refuting the claims plaintiff makes. See Dr. Gulick Decl. ¶ 7 (plaintiff has refused care and evaluation of any alleged rectal prolapse since November 2010); Capps Decl. ¶¶ 4, 5 (plaintiff received a disciplinary hearing for his misconduct); Carnig Decl. ¶¶ 4, 5 (plaintiff was offered a doctor and refused). Plaintiff's motions for injunctive relief are denied.

## CONCLUSION

Based on the foregoing, defendants' Motion for Summary Judgment [35] is granted. Plaintiff's Motion for Leave to File Amended Complaint/Petition [54], plaintiff's Motion for Preliminary Injunction [57], and plaintiff's Emergency Motion for Injunctive Relief [58] are denied. This case is dismissed without prejudice.

IT IS SO ORDERED.

DATED this ___10th___ day of July, 2014.

                                              /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge